**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-4751**

───────────────

UNITED STATES OF AMERICA,

                           Plaintiff - Appellee,

     versus

WILLIAM H. JOHNSON,

                          Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-03-33)

───────────────

Submitted: June 13, 2005       Decided: September 29, 2005

───────────────

Before WILKINS, Chief Judge, and WIDENER and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William H. Johnson appeals the 135-month sentence imposed after his case was remanded to correct an error in the computation of his criminal history score. United States v. Johnson, No. 03-4662 (4th Cir. Apr. 7, 2004) (unpublished). On remand, Johnson raised objections to the offense level calculation and to imposition of a term of supervised release at resentencing, citing Blakely v. Washington, 542 U.S. 296 (2004). However, the district court, following United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 125 S. Ct. 1051 (2005), made the same findings as at the first sentencing with respect to the offense level, and imposed the same three-year term of supervised release. Johnson now alleges that the district court's determination of his offense level at the resentencing hearing violated the Sixth Amendment and that the court lacked authority to impose a term of supervised release. We affirm.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and

- 2 -

appellate review under the guidelines, thus making the guidelines advisory.  Id. at 756-57.

At his first sentencing hearing, Johnson admitted that he was responsible for 169.5 grams of crack, which authorized the base offense level of 34 used by the district court.  Johnson did not contest the two-level enhancement for possession of a firearm during the offense at his first sentencing or in his first appeal.

At the resentencing hearing, Johnson's ability to contest the calculation of his offense level was governed by the mandate rule, which "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal citation omitted).  A trial court may, however, reopen an issue otherwise foreclosed in certain circumstances, namely, a showing that (1) "controlling legal authority has changed dramatically;" (2) that significant new evidence has been discovered; or (3) "that a blatant error in the prior decision will, if uncorrected, result in a serious injustice."  Id. at 67 (internal quotation and citation omitted).  In light of Booker, it is clear that the law had changed.

Johnson's challenge to the base offense level of 34 is without merit because he specifically admitted distributing the 169.5 grams of crack on which the base offense level was

calculated. We need not decide whether Johnson effectively admitted possessing a firearm during the offense by not contesting the enhancement before he was resentenced and by not making an affirmative showing on remand that he had not possessed a firearm, because the sentence did not exceed the maximum the court could have imposed based only on facts Johnson admitted. United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005). Without the two-level weapon enhancement, and before the adjustment for acceptance of responsibility, Johnson's offense level would have been 34. See id. at n.4 (to determine Sixth Amendment error, appellate court uses guideline range based on facts defendant admitted before range is adjusted for acceptance of responsibility). With offense level 34 and criminal history category I, Johnson's guideline range would have been 151-188 months. Because Johnson's sentence of 135 months did not exceed the maximum of this range, no Sixth Amendment error occurred.

We find no merit in Johnson's second claim. Booker did not invalidate the Sentencing Reform Act in its entirety; instead, the Supreme Court excised two provisions, 18 U.S.C.A. § 3553(b)(1) and § 3742(e) (West 2000 & Supp. 2005), as described above, and left the rest of the Act intact. The Court did not invalidate 18 U.S.C.A. § 3583 (West 2000 & Supp. 2005), the provision which authorizes imposition of a term of supervised release. Moreover, a three-year term of supervised release is required under 21

U.S.C.A. § 841(b)(1)(C) (West Supp. 2005).  Therefore, the district court did not err in imposing a term of supervised release.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>